Argued and submitted August 4, 2008, affirmed February 18, 2009

In the Matter of the Compensation of
Jennifer Uptegrove, Claimant.

## SAIF CORPORATION
and Isky, Inc.,
*Petitioners,*

*v.*

## Jennifer UPTEGROVE,
*Respondent.*

Workers' Compensation Board
0603965; A136093

202 P3d 264

David L. Runner, Special Assistant Attorney General, argued the cause for petitioners. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Edward J. Harri argued the cause for respondent. With him on the brief was Glenn Lasken.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

This workers' compensation case involves a worker who fell while on her employer's premises and injured her ankle. The issue on review is whether the injury caused by the fall is compensable when the worker is unable to prove the cause of the fall. Employer seeks review after the Workers' Compensation Board (board) ruled that claimant's injury is compensable. We review the board's order for substantial evidence, substantial reason, and for errors of law under ORS 656.298(7) and ORS 183.482(8), and we affirm.

The relevant historical facts are uncontested on review. On May 5, 2006, claimant left her desk to go on her lunch break. While walking with her coworker down some stairs on the employer's premises, claimant testified that she lost her balance and fell. She grabbed onto her coworker to keep from falling all the way to the ground level. After catching claimant, the coworker noticed that the heel on claimant's shoe was broken. Other witnesses testified that claimant told them she fell at work. At the time, claimant experienced some minor discomfort in her left ankle but was not otherwise aware that she had been injured. The next day when claimant awoke, she could not put any weight on her ankle, and it was badly swollen and painful. When she went to the emergency room, she was diagnosed with a left ankle sprain. Later, her attending physician concluded that the fall at work was the major cause of her ankle injury.

Claimant filed a workers' compensation claim for her injury resulting from the fall. Employer denied that the claim was compensable, contending that the fall was the result of claimant's high heel breaking, or alternatively, that claimant could not prove that her fall was work-related. The denied claim went to hearing before an administrative law judge (ALJ). After hearing the evidence, the ALJ found that "[i]t is unknown why claimant fell at work." The ALJ also concluded that, because claimant's job duties included walking down employer's stairs, the causal connection between her work and her injury was sufficiently established to set aside the denial. The board agreed, adopting the ALJ's findings with supplementation, and employer seeks judicial review of the board's order.

■       On review, employer argues that claimant has not carried her burden of proof that her claim is compensable. According to employer, claimant has the burden of eliminating all personal causes for the fall before she is able to establish the compensability of her injury. Employer explains:

> "If the fall was caused by the heel coming off the shoe, then it was caused by a personal instrumentality, not by the employment. * * * The board found that claimant failed to eliminate the personal instrumentality of her shoe as the cause of the fall. Accordingly * * * claimant's fall was not 'truly unexplained[.]' "

Thus, employer concludes that, if "it is equally plausible that claimant fell as a result of the heel coming off of her shoe * * *, then claimant has failed to eliminate a personal cause for her injury." Claimant responds that the board properly concluded that her injury is compensable because of its connection to the workplace.

■       We turn initially to the governing statutes to decide the issue framed by the parties' arguments. ORS 656.005(7)(a) provides that "[a] 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability[.]" The Supreme Court has explained that, in order for a claim to be compensable, it must both occur *in the course of* the claimant's covered employment and *arise out of* that employment. The requirement that the injury occur in the course of employment concerns the time, place, and circumstances of the injury. The requirement that it arise out of employment requires a causal link between the injury and the employment. Those requirements are two prongs of a single work-connection inquiry. In order for the injury to be compensable, there must be some support for each prong, but neither prong is dispositive. *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 596-97, 943 P2d 197 (1997); *Phil A. Livesley Co. v. Russ*, 296 Or 25, 28, 672 P2d 337 (1983). As we concluded in *McTaggart v. Time Warner Cable*, 170 Or App 491, 494, 16 P3d 1154 (2000), *rev den*, 331 Or 633 (2001), "[t]he basic question is whether the causal connection between the injury and the employment is sufficient to warrant compensation."

Our analysis is also informed by ORS 656.266(1). That statute provides,

"The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by disproving other possible explanations of how the injury or disease occurred."

We begin our analysis of the issue framed by the parties' arguments under the above statutes by noting the finding by the ALJ that "[i]t is unknown why claimant fell at work." The board adopted that finding in its order, and we conclude that that finding is supported by substantial evidence. Also, it is clear that claimant's fall occurred in the course of employment. The stairway was part of employer's premises provided for the use of its employees, and the fall occurred during a time and under circumstances related to the risks of employment. Employer argues, however, that because claimant is unable to prove that she fell before her heel broke, she did not prove that her fall was causally linked to her employment; thus, her injury did not arise out of her employment.

Employer appears to acknowledge that the Supreme Court held in *Phil A. Livesley Co.*, 296 Or at 30, that an "unexplained" fall that occurs in the course of employment arises out of employment as a matter of law. Nonetheless, employer argues that, in order to avail herself of the benefit of that rule, claimant has the burden of eliminating all personal causes of her fall before her fall can be deemed "unexplained." In employer's view, the ALJ's finding that "it is unknown whether claimant's heal breaking was a cause of her fall is tantamount to a finding that claimant has failed to eliminate a personal cause for her injury." We disagree for the reasons that follow.

Employer's implicit premise—that the cause of claimant's fall is subject to explanation—is inconsistent with the finding that the board actually made. The board could have found, as employer posits, that there were potential causes of her fall that claimant did not eliminate. However, it

found instead that the cause of the fall was "unknown." That finding is supported by substantial evidence because a reasonable factfinder could infer from the evidence produced by claimant that the cause of the fall was not ascertainable or subject to explanation. As we explained in *McTaggart*, the board's finding permitted it to make the legal conclusion that claimant's injury is compensable:

> "[I]n the case of an unexplained fall, the issue is not what caused the fall—by definition we cannot know that—but whether it arose out of a risk of the claimant's employment. The foundation of *Phil A. Livesley Co.* is the court's recognition that it is possible to determine that an unexplained fall arose out of the claimant's employment without explaining the precise cause of the fall. It was not possible in that case to determine why the claimant fell, but it was clear that he fell while engaged in a work-related activity. The fall was compensable because it was the result of a neutral risk of employment."

170 Or App at 500.

Nonetheless, employer argues that, without requiring claimant to disprove that her fall was caused by her broken heel, we have removed the statutory obligation imposed on her under ORS 656.266(1) to eliminate other non-work-related potential causes of her fall. We disagree. Claimant was walking down stairs when she fell. The stairs presented a risk inherent to her work environment. Under the circumstances, there exists a reasonable inference that the stairs caused her fall. *Livesley*, 296 Or at 32. That inference suffices to carry claimant's affirmative burden under ORS 656.266(1) to prove that her injury is compensable. As we explained in *McTaggart* with regard to the claimant's fall in that case,

> "claimant needs to prove only that the fall arose out of a neutral risk of her employment. Because there is strong evidence that she was in the scope of her employment at the time, she needs to prove only slight evidence of that fact in order to meet the unitary work-connection test. The fact that the fall occurred in the course of employment, while she was engaged in an activity essential to performing her job—going to her work station—at the least, supports an inference that it arose out of her employment unless there

is some non-work-related (in this context, idiopathic) cause for it. Thus, the purpose for eliminating idiopathic causes is not to disprove other possible explanations of how the injury occurred, but, rather, to determine whether the fall—whose precise causation is by definition unknowable—arose out of the employment. ORS 656.266 does not deal with that question."

170 Or App at 504.

■        In other words, the statute provides that the worker cannot carry the burden of proving that an injury is compensable merely by disproving other possible non-work-related causes. *McTaggart,* 170 Or App at 503. The second sentence in ORS 656.266(1) does not operate to require a claimant to disprove other possible explanations of how the injury occurred when the cause of the injury is determined to be unknown and there is an available inference that the injury arose out of the claimant's employment. Thus, it is the existence of the available inference of work-relatedness arising from a neutral risk that suffices to carry the claimant's burden under the statute when the cause of the injury is unknown.

Affirmed.